**In the Matter of Clifford G. ANTCLIFF.**

**No. 41S00–8808–DI–711.**

Supreme Court of Indiana.

Nov. 28, 1989.

James H. Voyles, Indianapolis, for Respondent.

Sheldon A. Breskow, Executive Secretary, Indiana Supreme Court Disciplinary Commission, Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

## DISCIPLINARY ACTION

### PER CURIAM.

This proceeding was initiated by the Disciplinary Commission of this Court through a complaint alleging that the Respondent, Clifford G. Antcliff, violated the *Rules of Professional Conduct.* In general, the Respondent has been charged with violating Rules 1.15(a), (b), and (c) which define the requirements for the safekeeping of clients' funds and property and Rule 8.4(d) which prohibits an attorney from engaging in conduct prejudicial to the administration of justice.

Pursuant to Admission and Discipline Rule 23, Section 11(d), the parties have now tendered for our consideration a Statement of Circumstances and Conditional Agreement for Discipline. As further required by Admission and Discipline Rule 23, Section 17(a), the Respondent has filed the requisite affidavit of consent. This Court now finds that the conditional agreement should be accepted and the agreed discipline should be approved.

In accordance with the tendered agreement, we find that the Respondent, an attorney subject to the disciplinary jurisdiction of this Court, was retained on August 16, 1982, to represent a client in a contested estate. The Respondent later represented this individual in a personal injury suit. In October, 1983, the Respondent received a check for $61,500.00 from the Executor of the estate as his client's share; the check was deposited in the Respondent's trust account on or about October 8, 1983. The client had endorsed the check to the Respondent, and, at that time, the Respondent drew a post-dated check dated October 24, 1983, on his trust account in the amount of $57,500.00 made payable to his client. On or about October 8, 1983, the client presented the check for payment, but it was dishonored for insufficient funds.

At some point thereafter, the Respondent withheld $7,500.00 for satisfaction of an anticipated judgment against this client in the pending personal injury suit and drew a second check, made payable to his client, in the amount of $50,000.00, which was honored. On October 21, 1983, Respondent's trust account fell below $7,500.00.

In light of the above noted findings and, in particular, the finding that the balance in Respondent's trust account fell below $7,500.00, this Court now concludes that the Respondent failed to hold his client's funds separate and apart from his own, failed to promptly deliver funds belonging to his client, and failed to keep property subject to a claim by both a client and lawyer separate pending an accounting; this conduct violated Rule 1.15 of the *Rules of Professional Conduct.* The brief nature of the findings submitted under this conditional agreement do not permit a determination of whether the Respondent engaged in conduct prejudicial to the administration of justice.

In considering of the adequacy of the proposed sanction, we note that, by way of mitigation, the parties have informed the Court that the $7,500.00 involved in this case was used by the Respondent as legal fees and expenses for the pending personal injury case involving this client. This litigation extended for five years and involved a trial by jury. It is further noted that the Respondent has practiced law for thirty years, properly maintains three separate trust accounts, and has not had other incidents of misconduct.

There is no question that the members of this Court consider the misuse of a client's funds a very serious breach of professional duty. But to determine adequately any

disciplinary sanction, consideration must be given to all of the surrounding circumstances. This case demonstrates the rational for such analysis. The Respondent did not properly safeguard his client's funds, but when this case is viewed in toto, we note that this conduct was not motivated by personal gain. The essence of the misconduct is that the Respondent failed to make a distinction between two accounts belonging to the same client. It was further agreed by the parties that this type of conduct was not a common practice of the Respondent. Under these circumstances, a severe sanction is not warranted.

In light of the above considerations, this Court finds that the agreed discipline should be approved. It is, therefore, ordered that the Respondent be and hereby is suspended from the practice of law for a period of sixty (60) days beginning December 29, 1989. Following such suspension, the Respondent shall be automatically reinstated to the practice of law in the State of Indiana.

Costs of this proceeding are assessed against the Respondent.